Filed 10/21/24  P. v. Jackson CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GARRY WAYNE JACKSON IV,<br><br>    Defendant and Appellant. | B335437<br><br>(Los Angeles County<br>Super. Ct. No. VA145595) |

APPEAL from an order of the Superior Court of Los Angeles County, Debra Cole-Hall, Judge.  Reversed and remanded with directions.

Maggie Shrout, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Scott A. Taryle and Lauren N. Guber, Deputy Attorneys General, for Plaintiff and Respondent.

────────────────────

Defendant and appellant Garry Wayne Jackson IV appeals from an order denying his request for a full resentencing hearing pursuant to Penal Code section 1172.75.[1] The trial court struck three one-year prison priors under section 667.5, subdivision (b), but denied Jackson's request for a full resentencing hearing on the ground that his original sentence was the result of a plea bargain. The People concede that a full resentencing hearing is required. We reverse and remand with directions to the trial court to conduct a full resentencing hearing pursuant to section 1172.75.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2019, Jackson pled no contest to second degree robbery (§ 211). He admitted to personally using a firearm (§ 12022.53, subd. (b)), taking property valued at more than $65,000 (§ 12022.6, subd. (a)(1)), and suffering three prior prison terms (§ 667.5, subd. (b)). Pursuant to the plea agreement, the court sentenced Jackson to a state prison term of 19 years, consisting of 5 years for the robbery conviction, 10 years for the gun enhancement, 1 year for the property allegation, and 3 years for the prison priors.

In October 2023, the trial court conducted a resentencing hearing pursuant to section 1172.75. The court struck the three prison priors from Jackson's sentence under section 667.5, subdivision (b), resentenced him to 16 years, and ordered the

────────────

[1] All further undesignated statutory references are to the Penal Code.

2

clerk to prepare an amended abstract of judgment. The court denied Jackson's request for a full resentencing hearing, finding it lacked jurisdiction to further modify the sentence because the conviction was the result of a plea agreement.

Jackson timely appealed.

## DISCUSSION

Section 1172.75, subdivision (a), provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."

Pursuant to a mechanism set forth in section 1172.75, subdivisions (b) to (d), the sentencing court is directed to recall sentences that include now invalid section 667.5, subdivision (b) enhancements and resentence the defendants. Under section 1172.75, subdivision (d)(2), in resentencing a defendant, the court is to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."

The parties agree that the trial court erred in this case by not conducting a full resentencing hearing. We accept the People's concession. We agree with several other courts that have held that in section 1172.75 cases involving a sentence reached by plea, " 'the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall.' [Citation.]" (*People v. Coddington* (2023) 96 Cal.App.5th 562, 568 (*Coddington*); accord, *People v. Hernandez* (2024) 103 Cal.App.5th 981, 988, 990, review granted

3

Oct. 2, 2024, S286527; *People v. Montgomery* (2024) 100 Cal.App.5th 768, 773, review granted May 29, 2024, S284662 (*Montgomery*); *People v. Carter* (2023) 97 Cal.App.5th 960, 968; *People v. Monroe* (2022) 85 Cal.App.5th 393, 401–402.) On remand, the trial court is to conduct a full resentencing hearing in accordance with section 1172.75.

The People additionally assert that, should Jackson seek any further reduction of his sentence on remand, the People must be allowed to withdraw from the plea agreement, citing *Coddington, supra*, 96 Cal.App.5th 562. As the parties recognize, there is currently a split of authority on this issue. (Compare *Coddington*, at pp. 569–572 with *Montgomery, supra*, 100 Cal.App.5th at pp. 773–777, review granted.) The issue is pending before the California Supreme Court.

In this case, the trial court has yet to conduct a full resentencing hearing. It remains to be seen whether the court will decide to further reduce Jackson's sentence. We therefore decline to reach the issue of whether, in the event the trial court intends to further reduce the sentence, the People may withdraw from the plea agreement.

## DISPOSITION

The order is reversed, Jackson's sentence is vacated, and the matter is remanded to the trial court for a full resentencing hearing in accordance with section 1172.75.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.

5